UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 18-CR-116 |
| | : |
| vs. | : **SENTENCING MEMORANDUM** |
| | : |
| **COLIN T. CRUMP,** | : |
| | : |
| **Defendant.** | : |
| | : |

Plaintiff, United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files the attached sentencing memorandum. This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at this defendant's sentencing hearing.

DATED: MAY 3, 2019

                                             Respectfully submitted,

                                             BENJAMIN C. GLASSMAN
                                             UNITED STATES ATTORNEY

                                             s/Samee Harden
                                             SAMEE HARDEN (1005658 DC)
                                             Assistant United States Attorneys
                                             Attorneys for Plaintiff
                                             602 Federal Building
                                             200 West Second Street
                                             Dayton, OH 45402
                                             Telephone: (937) 225-2910
                                             Fax: (937) 225-2564

**SENTENCING MEMORANDUM**

**I.**

**INTRODUCTION**

On August 13, 2018, the Dayton Police Department and other local law enforcement worked a joint patrol blitz across the City of Dayton, Ohio.  Both officers and detectives observed a 2012 Chevrolet Camero, and the driver was ultimately identified as Colin Crump.  Officers observed the vehicle's dark tint and attempted to initiate a traffic stop, but Crump failed to comply with officers' commands and fled from law enforcement.

Crump traveled through several neighborhoods, which included him driving through a residential yard, and he eventually stopped in the alley behind 24 Huffman Avenue.  Officers observed him exiting the vehicle and placing a small, white bag into a green City of Dayton trash can, which was sitting in the alley.  No other people were observed near or around the trash can prior to Crump approaching it.

Within minutes, law enforcement recovered the same bag that Crump discarded.  No one else approached the trash can between the time Crump discarded the bag and when the officer collected it.  Once collected, the bag was found to contain suspected narcotics,[1] including drug paraphernalia (*i.e*., multiple packages of unused hypodermic needles), and a Glock 9mm, serial number UDK293 (a firearm manufactured outside of Ohio), which was loaded with an extended magazine containing 25 live 9mm rounds.

---

[1] For the information of the court, the contents of the white bag were later tested by the Miami Valley Regional Crime Laboratory and determined to be various combinations of Acetyl Fentanyl (Schedule I); Fentanyl (Schedule I); Tramadol (Schedule II); Amphetamine (Schedule II); and Hydrocodone (Schedule II), respectively.

Officers continued surveillance as Crump eventually stopped and parked the vehicle behind the Hothead Burritos restaurant parking lot, located at 1113 Brown Street. Crump exited the vehicle and ran away from law enforcement on foot, but was eventually apprehended and arrested. During his arrest, Crump was found to be in possession of the keys to the Chevrolet Camero and $515.00 in United States currency. Crump was transported and booked into the Montgomery County Jail without further incident.

Based upon a review of Crump's criminal history, officers discovered that Crump has the following convictions:

a. On or about February 28, 2011, in the Court of Common Pleas, Montgomery County, Ohio, Case Number 10CR02417/03, Possession of Heroin, in violation of the Ohio Revised Code;

b. On or about July 27, 2011, in the Court of Common Pleas, Montgomery County, Ohio, Case Number 2011CR01382, Possession of Heroin and Having Weapons Under Disability, in violation of the Ohio Revised Code; and

c. On or about March 21, 2018, in the Court of Common Pleas, Montgomery County, Ohio, Case Number 2017CR03276, Failure to Comply with Order or Signal of Police Officer, in violation of the Ohio Revised Code.

On August 28, 2018, a two-count Indictment was filed against Crump, in the instant case, charging him with being a Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), in Count 1, and Possession with Intent to Distribute a Mixture or Substance Containing a Detectable Amount of Acetyl Fentanyl and Fentanyl, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) in Count 2. On February 4, 2019, Crump pleaded guilty to Count 1 of the Indictment, pursuant to a Rule 11(c)(1)(A) plea agreement.

With a fairly notable prior criminal history (Criminal History Category V), Crump - a son, uncle, and community member- has made some questionable journeys into the criminal

underworld. Balancing the seriousness of his actions with his age, relatively minor,[2] but notable criminal convictions, and a strong family/community support system, the United States submits that a sentence within the advisory Sentencing Guidelines range would be sufficient, but not greater than necessary, to achieve the purposes of sentencing in this case.

## II.

## ARGUMENT

**A.      The Guidelines**

The final Presentence Investigation Report (PSR) correctly calculated the Guidelines in this case. The Probation Office properly determined that Crump's offense involved the possession of a Glock 9mm, which was loaded with an extended magazine containing 25 live 9mm rounds and that Crump had prior felony convictions, which are listed above. This produced a base offense level of 20. (Presentence Investigation Report "PSR" at ¶ 22). Additionally, the Probation Office applied U.S.S.G. § 2K2.1(b)(6)(B), for Crump's use of a firearm in connection with another felony offense because Crump possessed with the intent to distribute over 8 grams of acetyl fentanyl and fentanyl and over 20 grams of fentanyl, thus resulting in a four-level increase. As such, the Guidelines would prescribe an adjusted base offense level of 24. However, after deductions for acceptance of responsibility and timely notification, *see* U.S.S.G § 3E1.1(a)-(b), Crump faces a total adjusted offense level of 21. (PSR at ¶ 31). When coupled with his criminal history category of V, the Guidelines would suggest an advisory sentencing range of 70 to 87 months of

---

[2] The United States notes that Crump has had several contacts with the criminal justice system. Indeed, Crump possesses a total criminal history score of 10, such that he has a Criminal History Category of V; however, several of his convictions - while concerning - are relatively minor in nature.

imprisonment. In conformity therewith, the Presentence Investigation Report recommends a sentence of seventy (70) months of imprisonment.

**B.     The Section 3553(a) Factors**

The Section 3553(a) factors generally support a wide range of sentencing options.

Crump has committed a serious crime, possessing a dangerous firearm in violation of his status as a prohibited person and such weapon was possessed in connection with Crump helping to facilitate the illegal drug trade in the Southern District of Ohio.

Although these circumstances render this crime serious, several additional factors exacerbate the gravity of this offense.

First, Crump fled from law enforcement, driving in a reckless manner, placing himself, law enforcement, and other innocent citizens at risk. Indeed, in fleeing from law enforcement, Crump actually drove through a residential yard, and nearly struck a Dayton police cruiser.

Second, while Crump was neither a leader nor organizer of any drug activities, he played a crucial role in this drug enterprise (which is a scourge upon this community) by possessing a firearm and drugs with the intent to distribute them in the Southern District of Ohio. In fact, Crump possessed multiple packages of drug paraphernalia (*e.g.*, hypodermic needles), and various mixtures of acetyl fentanyl and fentanyl. The Southern District of Ohio has, unfortunately, become the epicenter of the opioid epidemic, of which acetyl fentanyl and fentanyl have taken center stage.

Third, Crump possessed a very dangerous firearm in clear violation of his status as a prohibited person. Moreover, not only did Crump possess a Glock 9mm firearm, but it had an extended magazine with 25 live 9mm rounds. The extended magazine merely compounds the

danger of the Glock 9mm firearm, and suggests a desire to inflict greater harm or damage, which is concerning.  Despite some purported professional plans, established community ties, and a strong familial support system, Crump opted to place himself and the community at risk with little thought to the consequences of his actions.

Against this backdrop, the section 3553(a) factors suggest a wide range of appropriate sentences. The circumstances of the case (including the weapon, its extended magazine, and the kind of drugs recovered), and the need to promote general deterrence counsel in favor of some form of custodial detention for this defendant. In contrast, Crump's family/community support indicate that the goals of sentencing may be achieved through less drastic means.

s/Samee Harden  
SAMEE HARDEN (1005658 DC)  
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was served on defendant's counsel this 3rd day of May 2019 via the Court's ECF System.

s/Samee Harden  
SAMEE HARDEN (1005658 DC)  
Assistant United States Attorney
